## IN THE DISTRICT COURT OF THE UNITED STATES
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Fariba Carter
      **Plaintiffs**

vs.

**CASE NO:**

8.10CV1853-T17
TGW

Country Place Community
Association, Inc., a Florida Not-
For-Profit Corporation,
and
Rampart Properties, Inc.,
and
Robert L. Tankel, P.A., a Professional
Association,
and
Robert L. Tankel, Esq., Individually,
and
Jim Davis, Individually,
and
Katherine Spellman, Individually

      **Defendants.**

_____/



## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for

1

Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, F.S. §559, et seq. (hereinafter "FCCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), and 28 U.S.C. 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Fariba Carter, is a natural person who resides in Hillsborough County, in the Middle District of Florida.

4. Defendant, Country Place Community Association, Inc., is a Florida non-profit corporation, and is a debt collector as defined by the FCCPA, which is located in and does business in the Middle District of Florida, and is subject to and has violated the Florida Consumer Collections Practices Act.

5. Defendant, Robert L. Tankel, P.A, is a Florida professional association, which is located in and does business in the Middle District of Florida, and is a

2

"debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6), and the Florida

Consumer Collections Practices Act,   and is subject to and has violated the

Florida Consumer Collections Practices Act, and the Federal Fair Debt Collections

Practices Act.

6. Defendant Robert L. Tankel, in an individual, who is located in,  and does

business in the Middle District of Florida and is a debt collector within the

meaning of the FDCPA and FCCPA.  He  is subject to and has violated the

Florida Consumer Collections Practices Act and the federal Fair Debt Collections

Practices Act.

7. Defendant Jim Davis, resides in the Middle District of Florida.  He is a

debt collector within the meaning of the  FCCPA.  He is subject to and has

violated the Florida Consumer Collections Practices Act.

8. Defendant,  Katherine  Spellman, resides in the Middle District of

Florida.  She is a debt collector within the meaning of the FCCPA and FDCPA.

She is subject to,  and has violated the Florida Consumer Collections Practices Act

and the Federal Fair Debt Collections Practices Act.

9. Defendant Rampart Properties, Inc., is located in and does business in the

Middle District of Florida.  It is a debt collector within the meaning of the

FCCPA.  Ramparts is subject to and has violated the Florida Consumer

Collections Practices Act.

## IV. FACTUAL ALLEGATIONS

The factual allegations constituting the defendants' violations of the provisions of the Federal Fair Debt Collections Practices Act and/or the Florida Consumer Collections Practices Act include, but are not limited to, the following:

10. Plaintiff repeats, alleges, and incorporates by reference paragraphs 1-9 above.

11. In approximately, November of 2003, the plaintiff, Fariba Carter moved into a home she had purchased at 15924 Mystic Way, Tampa, Florida, 33624, in the Middle District of Florida.

12. At the time she bought the property she was unaware there was any entity known as the County Place Community Association, Inc.

13. The plaintiff never received any paperwork from anyone relating to Country Place Community Association, Inc.

14. The first awareness the plaintiff had of the Country Place Community Association, Inc.'s, existence was when she receive a letter from the association in approximately February of 2008, telling her she was late in her homeowner's association fees in the amount of $125 plus a late fee in the amount of $25.

4

15. Because she had never been informed of the existence of the association she believe it was mistake and put it aside for about two weeks. She then heard a buzz in the neighborhood they were going to have to pay association dues.

16. She called the defendant Rampart Properties, Inc., (Ramparts) to get some answers as to what was going on.

17. Every time she called Ramparts she got an answering machine. She left a message for them to call her. Plaintiff left approximately 25 messages over a period of month and half but never heard anything from Ramparts.

18. Plaintiff left her name, address, and phone number both at work and her cell number. Plaintiff said she wanted some documentation on the association. Plaintiff never got a call back from Ramparts.

19. On or about April or May of 2008 she got a certified letter from an attorney's office, the defendant Robert L. Tankel, of the defendant Robert L. Tankel, P.A. The letter stated he represented the association and she owed the association $125 plus late fee, plus attorney fees for his writing the letter.

20. Upon receipt of the letter from Tankel the plaintiff called the law offices of Robert L. Tankel, P.A. to talk with someone about the demands and what their basis was for making these demands were.

21. Once again, the only communication she had was with an answering

machine. Plaintiff left her name, address, phone number and asked Robert

L.Tankel call her to discuss the demand. Plaintiff estimates she called at least

thirty times within a month. She always got an answering machine and never a

live person.

22. Plaintiff left a message saying if she did not hear from Tankel she

would get her own attorney and file suit against Tankel and the association.

23. Approximately a week after leaving this message  she received a return

call from an individual who identified herself as Katherine Spellman from

Tankel's office.

24. In a nasty, hostile, condescending tone of voice Spellman asked

plaintiff, "What do you want from us?  You have served with a letter, and the fees,

and you need to pay it."

25. Plaintiff asked Spellman why it took over thirty phone calls and a

month's time for Tankel's office to call her back.

26. Spellman replied in the same tone of voice, "We are a collection agency

and we get thousands of calls a day.  Do you think we have to return every call?

27. Plaintiff then asked to speak with Tankel.

28. Spellman said, "absolutely not.  He doesn't talk to clients" and "Mr.

Tankel does not waste his time talking to looser's like you who can't afford to pay

6

their association fees" and that she should "pay up or loose your home."

29. Spellman then added, "if you can't afford to pay the association dues and have a house you should go live in a trailer."

30. Plaintiff then said, "you are a very rude woman."  Plaintiff then asked to either speak with Tankel, or she would have to get an attorney to talk with him."

31. Spellman said, "you do that," and hung up.

32. Sometime later plaintiff received another letter from Tankel's office. This letter claimed she had ignored the previous letter and she was obligated to pay and demanded additional fees.

33. Upon receipt of the second letter plaintiff again attempted to contact Tankel's office in an attempt to speak with him.  But, she never got to speak to anyone and had to leave a message on an answering machine.  Plaintiff called almost daily, but never received a return call.

34. After receiving the letter from Tankel's office and receiving no response from his office, plaintiff called Rampart and got a young woman on the phone.  Plaintiff tried to explain things to the woman and the woman said because it was turned over to Tankel's office she would have to talk with Tankel's office.

35. Plaintiff, frustrated by the stonewalling of the defendants finally paid the $579.64 demanded by the defendants.  On November 4 of 2008, the plaintiff

sent the amount demanded to the Tankel's office.

36. The next day she realized she had sent a copy of the check and not the check itself to Tankel's office.  The plaintiff then went to Tankel's office to hand carry the check to them.

37. When she tendered the check to the person at the desk in Tankel's office, Katharine Spellman, Spellman said in a rude and hostile manner, "you think you're going to get away with the amount now?  You are going to be hearing from us."

38. Plaintiff asked, "what is that suppose to mean?

39. Spellman replied, "If you can not afford the association fees you shouldn't have a house and you get yourself a trailer."

40. Plaintiff responded that Spellman was an "intellectually limited twit, and I won't have anyone talking to me in that manner."  Spellman flung her arms in the air and replied "whatever."

41. Plaintiff left the office.

42. Ramparts caused to be sent to the plaintiff a letter dated January 24, 2008, entitled Pre-Lien Notice demanding payment to Rampart in the amount of $172.00, which constituted a demand for $125.00 for the annual maintenance fee and $47 for the Pre-lien.

8

43. The pre-lien dated January 24, 2008, remains of record to the date of the filing of this cause of action.

44. On March 24, 2008, a Claim of Lien For Assessments was filed by the defendant Robert L. Tankel, on behalf of Country Place Community Association, Inc., in the amount of $250.00 (two hundred and fifty dollars).  The lien remains of record as of the date of the filing of this cause of action.

45. On June  24, 2008, an Amended  Claim of Lien For Assessments was filed by the defendant Robert L. Tankel, on behalf of Country Place Community Association, Inc., in the amount of $250.00 (two hundred and fifty dollars).  The lien remains of record as of the date of the filing of this cause of action.

46. On November 7, 2008, after the plaintiff had tendered the check in the amount demanded, Robert L. Tankel, on behalf of Country Place, filed a Notice of Lis Pendens on the plaintiff's property, which remains on the property to the date of the filing of this lawsuit.

47. On November 12, 2008, after the plaintiff had paid the amount demanded by Robert L. Tankel on behalf of the defendants, the defendants caused to be filed a foreclosure lawsuit in the County Court of Hillsborough County, Florida, case No 08-35907 to foreclose on the plaintiffs property.  Said law suit is pending as of the date of this lawsuit.

9

48. A clerk's default was entered on February 18, 2009.

49. On March 25, 2009, attorney Charles V. Barrett, III, entered a notice of appearance on behalf of plaintiff in the county court foreclosure suit.

50. On July 12, 2010 and copy of the Plaintiff's Motion for Entry of Default was sent to Charles V. Barrett.

51. On or about January 21, 2009, the defendants, through Robert L. Tankel's office sent a letter demanding an additional $1,590.62 from plaintiff, after Tankel's office had accepted the previous check in full payment in November of 2008.

52. On April 15, 2009, a letter was sent to the office of Charles V. Barrett advising him that the total amount due on the foreclosure complaint was $2,432.22 less the $579.64 paid.  However, the letter misrepresented the payment of $579.64 as being  paid on December 9, 2008, rather than on November 5, 2008.

53. On July 2, 2010, the court advised all parties that the case would be dismissed on October 6, 2010, for lack of prosecution if good cause for the delay is not shown.

54. On 19th of March, 2009, Jim Davis, the Community Association Manager filed an Affidavit of Indebtedness claiming an indebtedness of the plaintiff in the amount of $304.00 (three hundred and four dollars).

55. On April 2, 2009, Robert L. Tankel, on behalf of defendants filed an Affidavit of Plaintiff's costs claiming that $725.00 was due to the defendants.

56. On the 7th day of April, 2009, despite knowing that the plaintiff was represented by an attorney, communicated with the plaintiff directly by sending her a Notice For Entry Of Default Final Summary Judgment and Attorney Fees and Costs.

57. On February 18, 2010, Jim Davis, the Community Association Manager, filed an Affidavit of Indebtedness claiming an indebtedness of the plaintiff in the amount of $375.00 and 106.64 in association costs.

58. On July 12, 2010, Robert L. Tankel, on behalf of all the defendants filed the February 18, 2010, affidavit.

59. That on August 10, 2010, made a demand to the plaintiff in the amount of $2,882.36.

60. The defendants since approximately February of 2008, and continuing at least to the time of the filing of this complaint, have engaged in an on going course of conduct toward the plaintiff to collect said debt using methods and means in violation of the FCCPA and/ or the FDCPA .

61. While engaging in this course of conduct Tankel, and those working for him, were at all times pertinent to this lawsuit acting as the attorney for the

other defendants.

## V. FIRST CLAIM FOR RELIEF
## VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

### COUNT I
### ROBERT L. TANKEL, P.A.
### ROBERT TANKEL, INDIVIDUALLY
### KATHERINE SPELLMAN, INDIVIDUALLY

62. Plaintiff repeats, alleges, and incorporates by reference paragraphs 1-61 above.

63. Defendants Robert L. Tankel, P.A., Robert Tankel, individually and Katherine Spellman, individually violated the FDCPA. Defendants' violations of the FDCPA include, but are not limited to, the following:

(a) 15 U.S.C. 1692d, which prohibits any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

(b) 15 U.S.C. 1692e, which prohibits false, deceptive, or misleading representation or means in connection with the collection of any debt.

( c) 15 U.S.C. 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

12

(d) 15 U.S.C. 1692g, which requires debt collectors to include a validation notice in their initial communication with a consumer and sets forth necessary actions a debt collector must take in the event that a debt is disputed.

(e) 15 U.S.C. 1692h, which requires debt collectors to apply payments by the consumer in accordance with the consumer's directions.

(f) 15 U.S.C. 1692c (2) which prohibits communicating directly with a consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

64. Defendant's acts as described above were done intentionally, with the purpose of coercing plaintiff to pay the alleged debt.

65. As a result of the above violations of the FDCPA, defendants Robert L. Tankel, P.A. and Robert L. Tankel, and Katherine Spellman are liable to plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

# VI. SECOND CLAIM FOR RELIEF

## COUNT II

**ROBERT L. TANKEL, P.A.**
**ROBERT TANKEL, INDIVIDUALLY**
**KATHERINE SPELLMAN, INDIVIDUALLY**
**COUNTRY PLACE COMMUNITY ASSOCIATION, INC.**
**RAMPARTS PROPERTIES, INC.**
**JAMES DAVIS**

## VIOLATION OF THE

## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

65. Plaintiff repeats, alleges, and incorporates by reference paragraphs 1-64 above.

66. Defendants Country Place Community Association, Inc, Ramparts Properties, Inc., Robert L. Tankel, P.A., Robert L. Tankel, Jim Davis, and Katherine Spellman violated the FCCPA. Defendants' violations of the FCCPA include, but are not limited to, the following:

(a) F.S. §559.72(7), which prohibits willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor .

(b) F.S.559.72 (8) by using willfully abusive language in communicating with the debtor.

(d) F.S. §559.72(9), which prohibits the claiming, attempting, or

14

threatening to enforce a debt when such person knows that the debt is not legitimate.

(e) F.S. §559.72(18) which prohibits Communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

67. Defendant's acts described above were done intentionally, with the purpose of coercing plaintiff to pay the alleged debt.

68. As a result of the above violations of the FCCPA, defendants  Robert L. Tankel, P.A. and Robert L. Tankel, and Katherine Spellman, Country Place Community Association, Inc., Rampart Properties, Inc., and Jim Davis, are liable to plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages  and attorney's fees and costs.

69. As a result thereof, defendants are liable to the Plaintiff for actual damages, statutory damages of $1,000 per defendant per plaintiff, injunctive relief, attorney fees, and costs  under the FCCPA .

15

70. Plaintiff is entitled to punitive damages under the FCCPA in the court's discretion.

WHEREFORE, plaintiff respectfully prays that judgement be entered against the defendants for the following:

A. Declaratory judgement that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. 1692k;

D. Statutory damages pursuant to F.S. §559.77

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k and F.S. §559.77;

F. Punitive damages if found warranted by this court.

G. For such other and further relief as may be just and proper

Respectfully submitted,


Frederick W. Vollrath
Attorney for Plaintiff

/s/ Frederick W. Vollrath, Esquire
Frederick W. Vollrath, Esq
Attorney for Plaintiff

307 S. Fielding Avenue
Suite 2
Tampa, Florida 33606
813-335-4379
fredvollrath@aol.com
FBN: 165-812

17